IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 91-7138

_____


JAMES C. SATCHER,

Plaintiff-Appellee,

versus

HONDA MOTOR COMPANY, LTD., And
Its Wholly Owned Subsidiaries,
AMERICAN HONDA MOTOR COMPANY, INC.,
AND HONDA R & D CO., LTD.,

Defendants-Appellants.
_____

Appeal from the United States District Court for the
Southern District of Mississippi
_____

(May 28, 1993)

(Opinion January 25, 5th Cir., 1993 _____F.2d_____)

ON PETITION FOR REHEARING & SUGGESTION FOR REHEARING EN BANC


Before JOLLY and DUHÉ, Circuit Judges, and PARKER[*], District Judge.

E. GRADY JOLLY, Circuit Judge:

The original opinion in this matter was issued by the panel on January 25, 1993. A petition for panel rehearing and a petition for rehearing en banc are currently pending before the court. The petition for en banc rehearing is DENIED, no judge in active service having requested that the court be polled. The petition for panel rehearing is GRANTED. In view of recent developments in

_____

[*]Chief Judge of the Eastern District of Texas, sitting by designation.

the law governing products liability in Mississippi, we now VACATE our original opinion and REMAND the case to the district court for further consideration in the light of these developments.

On March 5, 1993, the Mississippi state legislature enacted House Bill 1270, codifying various elements of Mississippi common law regarding products liability. On March 25, 1993, the Mississippi Supreme Court issued its opinion in Sperry-New Holland v. Prestage, No. 90-CA-0657, 1993 Miss. LEXIS 124, holding that, contrary to prior Fifth Circuit opinions and this panel's opinion in the instant case, Mississippi applies a "risk-utility" analysis in products liability cases and has done so since 1987. These events, occurring subsequent to the panel opinion in this case but while petitions for rehearing were pending before the court, have the potential to alter drastically Mississippi's products liability law.

The appellants argue, in response to the petition for rehearing, that Sperry-New Holland should not be applied to this case because doing so would result in manifest injustice to the parties, that the risk-utility standard does not preclude summary judgment in this case, and that House Bill 1270 codifies Mississippi law as it existed pre-Sperry-New Holland and changes procedures relative to punitive damage awards. The district court, with its extensive knowledge of the facts and proceedings in this case, is in a far better position than are we to address and to first apply these new arguments, and to apply the newly developed

-2-

law to the facts of this case.  Thus, we vacate our original opinion and remand this case to the district court for further consideration.

> Petition for panel rehearing GRANTED;
> opinion VACATED; and case REMANDED.